IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERICK RODRIGO COUOG, <br> TDCJ-CID NO. 1339764, <br><br> Petitioner, <br><br> v. <br><br> RICK THALER, Director, Texas Department of Criminal Justice, Correctional Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § § § | CIVIL ACTION NO. H-12-02687 |

## MEMORANDUM OPINION AND ORDER

Erik Rodrigo Couog (TDCJ No. 1339764) is a state inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division pursuant to a state court judgment. Couog has filed a federal petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a state court conviction that was final more than four years ago and for which state post-conviction application for a writ of habeas corpus is currently pending. For reasons explained more fully below, this case will be dismissed for failure to exhaust state court remedies.

### I. PROCEDURAL HISTORY

Couog states that he is serving a 30-year sentence pursuant to a state court judgment finding him guilty of aggravated sexual

assault of a child. State v. Couog, No. 1022748 (178th Dist. Ct., Harris County, Tex. Nov. 19, 2005). He states that his conviction was affirmed on April 17, 2007, and that the Texas Court of Criminal Appeals refused his petition for discretionary review in May of 2008 (Docket Entry No. 1, at 3). No Petition for a Writ of Certiorari was filed. Id. Couog states that he filed an application for a writ of habeas corpus, pursuant to Article 11.07 of Texas Code of Criminal Procedure, in state court on December 13, 2010, but that the state courts have taken no action on his application despite his repeated requests. Id. at 7.

## II. Analysis

A. Failure to Exhaust State Court Remedies

This court verified that the Court of Appeals for First District of Texas affirmed the Couog's criminal judgment and sentence on April 19, 2007, and that the petition for discretionary review was refused on December 5, 2007. Couog v. State, No. 01-05-01134-CR; 2007 WL 1153062 (Tex. App. - Hous. [1st Dist.] 2007, pet. ref'd). There is no available record of a state habeas application pending at the Texas Court of Criminal Appeals. See Court of Criminal Appeals Website: http://www.cca.courts.state.tx.us/. However, the website for the Harris County District Clerk's Office indicates that such an application has been filed there. See http://www.hcdistrictclerk.com.

Under 28 U.S.C. § 2254(b), a habeas petitioner must exhaust available state remedies before seeking relief in the federal courts. See Nobles v. Johnson, 127 F.3d 409, 419-420 (5th Cir. 1997). To exhaust his state remedies, the petitioner must fairly present the substance of his claims to the state courts, and the claims must have been fairly presented to the highest court of the state. Id. citing Picard v. Connor, 92 S.Ct. 509, 512-13 (1971); Myers v. Collins, 919 F.2d 1074, 1076 (5th Cir. 1990). The exhaustion requirement is based on the precept of comity. Coleman v. Thompson, 111 S.Ct. 2546, 2555 (1991). Federal courts follow this principle to afford the state courts the first opportunity "to address and correct alleged violations of state prisoner's federal rights." Id. Therefore, a habeas petitioner must go through the state court system before presenting his constitutional claims in a federal petition. See Rhines v. Weber, 128 S.Ct. 1528, 1533 (2005).

Regardless of whether the claims are identical to those presented in the current state application, this court should not adjudicate a federal writ application while habeas claims are under review by the state courts. See Deters v. Collins, 985 F.2d 789, 797 (5th Cir. 1993) ("Because Deters' state appeal is still pending, we would have to ignore the doctrine of federal-state comity by disrupting that ongoing state process."); see also Williams v. Bailey, 463 F.2d 247, 248 (5th Cir. 1972) ("federal

-3-

disruption of the state judicial appellate process would be an unseemly and uncalled for interference that comity between our dual system forbids"). Couog must wait until the state courts issue a decision. He cannot circumvent the state system and seek relief in federal court without allowing the state courts an opportunity to rule on his claims. See Graham v. Collins, 94 F.3d 958, 969 (5th Cir. 1996); Deters, 985 F.2d at 792-794. See also Bryant v. Bailey, 464 F.2d 560, 561 (5th Cir. 1972). If a federal habeas petition is filed while state remedies are still being pursued, the federal court has the authority to dismiss the federal petition. Brewer v. Johnson, 139 F.3d 491, 493 (5th Cir. 1998).

B. Time Bar

In addition to finding that Couog's petition is barred for failure to exhaust state court remedies, it is evident that his claim is time-barred because he is challenging a state court conviction which became final in 2008 and which was not challenged in a state post conviction proceeding until late 2010. According to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d). See Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998), citing Lindh v. Murphy, 117 S.Ct. 2059, 2068 (1997). Although the statute of limitations is an affirmative defense, district courts

may raise the defense <u>sua sponte</u> and dismiss a petition prior to any answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." <u>Kiser v. Johnson</u>, 163 F.3d 326, 328 (5th Cir. 1999) <u>quoting</u> Rule 4 of the Rules Governing Cases Filed Under 28 U.S.C. § 2254. A district court may dismiss a petition as untimely on its own initiative where it gives fair notice to the petitioner and an opportunity to respond. See <u>Day v. McDonough</u>, 126 S.Ct. 1675 (2006). However, the court will instead dismiss the federal petition for a writ of habeas corpus without prejudice for failure to exhaust state court remedies because there is a pending state habeas application.

Accordingly, this cause of action will be dismissed without prejudice for failure of the petitioner to exhaust all available remedies on all his claims to the state's highest court of criminal jurisdiction as required by the provisions of 28 U.S.C. § 2254.

Should Couog file a notice of appeal, the court **DENIES** the issuance of a Certificate of Appealability for the reasons stated in this Memorandum Opinion and Order. 28 U.S.C. § 2253; <u>Murphy v. Johnson</u>, 110 F.3d 10, 11 (5th Cir. 1997).

### III. Conclusion

1. The petitioner's Motion to Suspend Copies (Docket Entry No. 2) is **GRANTED**.

2.  This Petition for a Writ of Habeas Corpus, filed by a person in state custody (Docket Entry No. 1), is **DISMISSED without prejudice** to exhausting available state remedies.

3.  A Certificate of Appealability is **DENIED**.

4.  The Clerk will provide a copy of this Memorandum Opinion and Order to the petitioner and will provide a copy of the petition and this Memorandum to the respondent and the attorney general by providing one copy to the Attorney General of the State of Texas.

**SIGNED** at Houston, Texas, on this 14th day of September, 2012.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE